1  **JORGE GONZALEZ**, CSB #100799
   A PROFESSIONAL CORP.
2  2485 Huntington Dr., Ste. 238
   San Marino, CA 91108
3  (213) 598-3278
   Email: jggorgeous@aol.com
4
   Attorney for Petitioner Colleen Flynn

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN FLYNN,<br><br>　　　　Petitioner,<br><br>SUPERIOR COURT OF THE COUNTY OF LOS ANGELES,<br><br>　　　　Respondent.<br>------------------------------------------------<br>PEOPLE FOR THE STATE OF CALIFORNIA,<br><br>　　　　Real Party In Interest. | Case No.<br><br>**VERIFIED PETITION FOR WRIT HABEAS CORPUS** |

Petitioner, by and through her counsel, files this Verified Petition for Writ of Habeas Corpus.

## JURISDICTION

1. Petitioner invokes this Court's jurisdiction pursuant to 28 U.S.C. § 2254. Petitioner seeks this Court's protection and intercession because the California state courts have violated, and unreasonably and arbitrarily refused to correct violations, of Petitioner's Fifth, Sixth and Fourteenth Amendment rights, resulting in Petitioner's

unconstitutional restriction on her liberty. Therefore, Petitioner seeks an order granting this petition for writ of habeas corpus.

2. Petitioner is presently under restraint of criminal conviction upon her by the Los Angeles County Superior Court, in case no. 3MP04099, sentenced imposed October 29, 2013. Petitioner has exhausted her appellate remedies in state court, including direct appeal (superior court appellate division no. BR051250) and relief by means of writ of habeas corpus – superior court petition denied April 3, 2015 (superior court no. 3MP04099), court of appeal petition denied April 23, 2015 (no. B263284), and California Supreme Court petition denied July 15, 2015 (no. S226281).

3. Petitioner requests that this Court take judicial notice of the record on direct appeal in no. 3MP04099, and all documents on file in court of appeal no. B263284 and California Supreme Court no. S226281.

4. As set forth in detail in this petition, the adjudication of Petitioner's federal claims in the state courts resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, and resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

5. Venue is proper in the Central District of California, because Petitioner was convicted and sentence in Los Angeles County, California, which is located in this district. 28 U.S.C. § 2241(d).

**MERITS**

6. Petitioner is the defendant in *People v. Colleen Flynn*, L.A.S.C. Superior No. 3MP04099, L.A.S.C. Appellate Division No. BR051250.

7. Respondent is the Los Angeles Superior Court.

8. The People of the State of California, by and through the office of the City Attorney of the City of Los Angeles, are responsible for initiating and continuing the

prosecution described above in paragraph one, and have an interest in the outcome of this proceeding.

9. The charge against Petitioner in paragraph one arose from a complaint filed May 1, 2013, wherein it alleged that on April 17, 2013, Petitioner interfered with CHP Officer Kou Saelor in the performance of his duties, a violation of Cal. Penal Code § 148(a)(1). A true copy of the complaint is attached hereto as **Exhibit A**.

10. Following a jury trial, Petitioner was found guilty on September 20, 2013. On October 29, 2013, the court imposed a suspended sentence of 24 months, ordered one day in jail less custody credit for one day, payment of fine and penalties or serve an additional ten days in jail, and restitution payment. The court also sentenced Petitioner to 24 months probation which has not yet run its course. See **Exhibit B**, true copy of court's 10/29/13 minute order imposing sentence. On November 7, 2013, Petitioner filed her timely notice of appeal. See **Exhibit C**, true copy of notice.

11. Petitioner's claims on appeal included:

• As a matter of the law, the evidence was insufficient to prove a violation of Penal Code § 148 because it was undisputed Petitioner made no physical contact, nor did she threaten physical contact of any type, let alone threaten or made physical contact that could have interfered or delayed the officer. Petitioner's "interference," such as it was, was her speech directed solely at the officer;

• The trial court committed prejudicial instructional error by refusing to instruct on defendant's free speech rights where (a) the jury could find that defendant did in fact "delay" or "obstruct" merely by verbally questioning the officer's decision to impound the vehicle; (b) a delay or obstruction caused by non-violent non-threatening albeit persistent verbal questioning, cannot constitute a violation of § 148; and (c) arresting defendant in retaliation for defendant persistently questioning the officers despite their demands she cease doing so, would be

unlawful.

12. Petitioner's opening brief on appeal was due July 2, 2014. Petitioner's then-appellate counsel did not file the brief nor did her counsel ask for a further extension of time to file. Consequently, by order filed August 20, 2014, the appellate division of the superior court dismissed the appeal. See **Exhibit D**, true copy of the order. On September 17, 2014, Petitioner's appellate counsel filed a motion seeking relief to have the appeal re-instated pursuant to Cal. Civ. Proc. Code § 473(b), Cal. Rules of Court 8.60(d), and Superior Court Appellate Division Rule 9.10(c); however, by order filed September 25, 2014, the court denied Petitioner's motion. See **Exhibit E**, true copy of order. The dismissal of the appeal was without fault of Petitioner and without her consent. See **Exhibit F**, copy of motion to reinstate appeal.

13. By Petition for Writ of Habeas Corpus filed March 25, 2015 in the superior court, Petition sought to have her appeal re-instated. Without reaching the merits, the superior court denied the petition because that court concluded it was without power to vacate a prior order made by the superior court and thus, the court "lack[ed] jurisdiction" to grant the requested relief. The superior court further concluded that Petitioner had a remedy in that she could seek relief from the Court of Appeal. See pp. 2-3 of 4/3/15 minute order in No. 3MP04099 (**Exhibit G** hereto).

14. By way of Petition for Writ of Habeas Corpus Petitioner filed April 13, 2015, Petitioner then sought relief from the court of appeal. But that court denied relief, stating Petitioner had "not stated facts or provided evidence sufficient to demonstrate entitlement to relief." See court of appeal order filed April 23, 2015 (**Exhibit H** hereto).

15. Petitioner maintains that she was denied effective assistance of counsel on appeal by her appellate counsel's failure to prosecute her appeal, a violation of Petitioner's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Art. I §§ 7 & 15 of the California Constitution:

A. A criminal defendant's counsel on appeal must timely prosecute his client's appeal. A failure to do so resulting in the dismissal of the direct appeal afforded as a matter of right to the defendant, is a violation of the defendant's constitutional due process rights to effective assistance of counsel. U.S. Const., Amend. V, VI & XIV; *Evitts v. Lucey*, 469 U.S. 389, 396-97 (1985) (Upholding grant of habeas relief based on appellate counsel's failure to perfect an appeal that resulted in the appeal's dismissal);

B. Relief by habeas is the appropriate remedy. *Evitts v. Lucey*, 469 U.S. 389, 396-97 (1985) (Affirming grant of habeas relief to defendant denied effective assistance of counsel on appeal when counsel failed to perfect the appeal); *United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993) (*Held:* trial court erred in denying defendant's writ for habeas relief based on attorney's failure to protect defendant's appellate rights. "In the context of the loss of appellate rights, prejudice occurs where a defendant relies upon his attorney's unprofessional errors, resulting in the denial of his right to appeal.").

16. After the dismissal of her appeal, in response to Petitioner's inquires Petitioner's former appellate attorney repeatedly re-assured Petitioner that her appeal would be re-instated upon the appropriate application. Petitioner trusted her former appellate counsel because of his many years of experience, including extensive appellate experience in state courts up and through decisions on the merits in the California Supreme Court. But when it because apparent to Petitioner that her prior counsel was unable or unwilling to re-instate her appeal, Petitioner retained the undersigned counsel to re-instate her appeal.

17. At this time, Petitioner has no plain, speedy, or adequate remedy at law to challenge the illegality of the restraint of liberty complained of herein in this Petition. Due to the fact that there is no adequate remedy at law, Petitioner hereby requests


issuance of a writ of habeas corpus.

## PRAYER

WHEREFORE, Petitioner prays that this Court grant this Petition and either:

1. Issue a writ of habeas corpus to have Petitioner brought before it, to the end that she might be discharged from her unconstitutional confinement and restraint;

2. Alternatively, direct Respondent Superior Court and the Real Party In Interest the People of the State of California, to file an Answer to this Petition and show cause why relief should not be granted.

DATED: July 31, 2015

**LAW OFFICE OF JORGE GONZALEZ, P.C.**
Attorney for Petitioner

By _____
Jorge Gonzalez

# VERIFICATION

I, JORGE GONZALEZ, declare:

1. I am an attorney licensed to practice law in this state. I represent the Petitioner Colleen Flynn.

2. I am familiar with the record in *People v. Colleen Flynn*, L.A.S.C. Superior No. 3MP04099, Appellate Division No. BR051250. I was also counsel for Petitioner in the habeas petitions filed in state court, under No. 3MP04099, court of appeal no. B263284, and California Supreme Court no. S226281. I am authorized to file this petition for writ of habeas corpus on Petitioner's behalf. I make this verification because I believe it is more appropriate that I, rather than Petitioner, verify the allegations contained in this petition. The claims are legal ones, based on the evidentiary record with which I am familiar.

3. The defendant Colleen Flynn, Petitioner in this proceeding, did not post bail pending appeal, nor was her sentence stayed. She has served her period of incarceration and is currently serving her terms of 24 months probation.

4. I have read the foregoing petition. I declare that all allegations in the petition and memorandum not otherwise supported by citations to the record or other documents are true to the best of my knowledge, ability, and belief.

I declare under penalty of perjury that the foregoing is true and correct and was executed July 31, 2015, at Los Angeles, California.

_____
Jorge Gonzalez