MICHAEL N. FEUER, Los Angeles City Attorney
DEBBIE LEW, Assistant City Attorney
RICK V. CURCIO, Deputy City Attorney
   E-mail: rick.curcio@lacity.org
   State Bar No. 85488
CRIMINAL APPELLATE SECTION
James K. Hahn City Hall East, 5th Floor
200 North Main Street
Los Angeles, CA 90012
Telephone: (213) 473-6905
Fax: (213) 978-8779

*Attorneys for Real Party in Interest*
PEOPLE OF THE STATE OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **COLLEEN FLYNN,**<br><br>                 Petitioner,<br><br>v.<br><br>**SUPERIOR COURT OF LOS ANGELES COUNTY,**<br><br>                 Respondent. | CV 15-06027-JAK (DFM)<br><br>**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Honorable Douglas F. McCormick<br>United States Magistrate Judge |

Pursuant to this Court's September 16, 2015, Order requiring a response to the First Amended Petition for Writ of Habeas Corpus (Petition), Real Party in Interest (Real Party) moves to dismiss the Petition because Petitioner failed to name as respondent any state officer having custody of Petitioner. This motion is based on the attached memorandum of points and authorities and the records in this case, which are being filed concurrently with this motion.

///

///

1

1     WHEREFORE, Real Party respectfully requests that the Petition for Writ of Habeas Corpus be dismissed.

Dated: November 17, 2015.          Respectfully submitted,

MICHAEL N. FEUER, LOS ANGELES CITY ATTORNEY
DEBBIE LEW, Assistant City Attorney
RICK V. CURCIO, Deputy City Attorney

*/s/ Rick V. Curcio*
RICK V. CURCIO
Deputy City Attorney
*Attorneys for Real Party in Interest*

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

Although this Motion to Dismiss is based only on Petitioner's failure to name a proper respondent, for context Real Party also includes a brief summary of the state trial court, direct appeal, and habeas corpus proceedings.

# PROCEDURAL HISTORY[1]

## I. TRIAL COURT PROCEEDINGS: LOS ANGELES COUNTY SUPERIOR COURT CASE NO. 3MP04099.

A misdemeanor complaint filed May 1, 2013, charged Petitioner with delaying and obstructing Peace Officer Saelor's discharge of his duties. Cal. Pen. Code, § 148, subd. (a)(1); further undesignated § references are to that code; Exh. 1, 1-3. On September 20, 2013, a jury convicted Petitioner, who was represented by attorney Joe Mellis throughout the trial court proceedings. Exh. 1, 171, 209-210; Exh. 2, 1000-1003. On October 29, 2013, the trial court suspended imposition of sentence and placed Petitioner on 24 months summary, unsupervised probation on condition she (1) serve one day in jail with credit for one day; (2) pay a fine and

---

[1] Concurrently with this motion, Real Party filed relevant documents, which Real Party refers to by the same numbers listed in its Notice of Filing: the appellate record from Petitioner's direct appeal in the Los Angeles County Superior Court Appellate Division, consisting of the trial court clerk's transcript, numbered pages 1-245, preceded by an index (Exh. 1), and the reporter's transcripts for September 17-20, 2013, numbered pages 1-1007, preceded by an index (Exh. 2); pleadings and orders filed in the direct appeal, plus one relevant document (Exhs. 3A-3J); and pleadings and an order filed in Petitioner's Habeas Corpus/Review petition proceedings in the California Supreme Court (Exhs. 4A-4C). Real Party refers to documents filed with the First Amended Petition by the exhibit letters used therein; for exhibits attached to the First Amended Petition that lack exhibit letters, Real Party cites to its page numbers.

fees or, alternatively, serve 10 days in jail or perform 10 days of community labor; (3) complete an evening "ride-along" with the Los Angeles County Sheriff's Department; and (4) "write an apology to Deput[ies] Saelor and … Avila." Exh. 1, 235-238.

On January 15, 2014, Petitioner filed proof she had written the required apology letters and completed the required ride-along. She also chose to serve 10 days in jail rather than pay her fine or do 10 days of community labor. On January 28, 2014, she paid her mandatory fees and surrendered to serve the 10 days in jail. Thereafter, she had no further affirmative obligations or court appearances. Exh. 1, 241-244. Her probation expired on October 29, 2015. Thus, she no longer is in actual or constructive custody.

## II. DIRECT APPEAL: LOS ANGELES COUNTY SUPERIOR COURT APPELLATE DIVISION CASE NO. BR051250.

On November 7, 2013, Petitioner filed a timely appeal notice. §§ 1466, subd. (b)(1), 1468; Cal. Rules of Court, rules 8.852(a), 8.853(a); further undesignated rule references are to those rules; Exh. 1, 239-240. The notice included her address and telephone number. Her trial lawyer, Joe Mellis, filled out the notice, but did not check the box indicating he would be her appellate lawyer. Because the case was a misdemeanor rather than a felony, the appeal was heard in the Los Angeles County Superior Court Appellate Division (Appellate Division), rather than the California Court of Appeal.

On March 26, 2014, Petitioner served Real Party with an attorney substitution notice filed in the Appellate Division. Exh. 3A. The notice listed Donald Cook as Petitioner's new appellate counsel. Cook listed the same address and telephone number for himself as those given by Petitioner in her appeal notice. Cook and Petitioner signed the notice on March 17, 2014. Exh. 3A, 1.

4

Petitioner is an attorney. Pet., Exh. F, 6, line 2. According to her California State Bar Website Profile, she works with Cook and another attorney at the same address and telephone number listed on her appeal and attorney substitution notices. Exh. 2, p. 1.

On April 2, 2014, the Appellate Division issued a notice stating that the appellate record had been filed the previous day, and that Petitioner's opening brief was due May 2, 2014. Exh. 3C. The notice further stated, as relevant, that any party failing to file a brief by the date set in the notice, who thereafter failed to file a brief within 30 days of receiving a default notice under rule 8.882(b)(2), "will be subject, without further notice, to the sanctions specified in the notice of default." Exh. 3C, 1.[2] Apparently because the Appellate Division had not yet received or entered Petitioner's attorney substitution notice, the notice was served on Petitioner in pro per at the address listed on her appeal notice. Exh. 3C, 2.

On April 9, 2014, Cook served Real Party *and* Petitioner with an application for a time extension to file the opening brief. Exh. 3D. Cook attached a declaration listing other cases on which he was working and his need for additional time to review the record and prepare the opening brief. On April 15, 2014, the Appellate Division granted Petitioner an extension to June 2, 2014. Exh. 3E. This order was served on Cook at his listed address.

On May 30, 2014, Cook served Real Party *and* Petitioner with an application for a second time extension to file the opening brief. Exh. 3F. Cook attached a declaration listing other cases on which he was working and his need for additional time to prepare the opening brief. On June 6, 2014, the Appellate Division granted Petitioner an extension to July 2, 2014. Exh. 3G. This order likewise was served

---

[2] As relevant, rule 8.882(c)(2)(B) states that if a misdemeanor appellant, like petitioner, who is not represented by appointed counsel, fails to timely file an opening brief and to comply with the default notice, "the court may impose … the following sanction[]: … the court may dismiss the appeal."

5

on Cook at his listed address.

On July 7, 2014, the Appellate Division filed a default notice that the opening brief had not yet been filed, and giving an August 6, 2014, compliance date. Exh. 3H. This order also was served on Cook.

On August 20, 2014, two weeks after the compliance date, the Appellate Division issued an order dismissing the appeal for failure to file the opening brief. First Amended Pet. Exh. D. This order was served on Cook.

Nearly a month later, on September 17, 2014, Cook filed a motion to reinstate the appeal. First Amended Pet. Exh. F. He also lodged a completed opening brief. First Amended Pet. Exh. F, 1, 6; Exh. 3I. He attached his own declaration explaining the other work obligations which prevented him from filing the opening brief timely, and admitting he should have sought another extension when he realized he could not do so. First Amended Pet. Exh. F, 4-6. However, Cook did not attach a declaration from Petitioner. Cook served this motion on Petitioner and Real Party. First Amended Pet. Exh. F, 7.

On September 25, 2014, the Appellate Division denied Petitioner's reinstatement motion because "no good cause appear[ed.]" First Amended Pet. Exh. E. On October 21, 2014, the Appellate Division issued its remittitur confirming the appeal's dismissal. Exh. 3J. Petitioner took no further action in this case for nearly six months.

### III. STATE HABEAS CORPUS PETITIONS.

On March 15, 2015, represented by new counsel who represented her in all further proceedings, Petitioner filed a habeas corpus petition in the Los Angeles County Superior Court, claiming Cook provided ineffective appellate representation by failing to timely file an opening brief, and asking the court to vacate the order

1  dismissing the appeal. First Amended Pet. Exh. K. On April 1, 2015, the court
2  dismissed the petition because it could not review an order of its own Appellate
3  Division. First Amended Pet. Exh. G.
4       On April 13, 2015, Petitioner filed a habeas corpus petition in the California
5  Court of Appeal, alleging the same grounds and seeking the same relief. First
6  Amended Pet. Exh. L. On April 23. 2015, the Court of Appeal denied the petition,
7  stating Petitioner "has not stated facts or provided evidence sufficient to
8  demonstrate entitlement to relief." First Amended Pet. 30.
9       On May 7, 2015, Petitioner filed a habeas corpus/review petition in the
10 California Supreme Court, alleging the same grounds and seeking the same relief.
11 First Amended Pet. 31-47. In response to the court's order, Real Party filed an
12 answer, arguing that Petitioner failed to show (1) prejudice, or (2) diligence to
13 assure her opening brief was timely filed. Exh. 4A. Petitioner filed a reply. Exh.
14 4B. On July 15, 2015, the court summarily denied the petition. Exh. 4C.

### IV. FEDERAL HABEAS PETITION.

18      On August 10, 2015, Petitioner filed this habeas corpus petition, alleging the
19 same grounds and seeking the same relief as in her state petitions. On September
20 10, 2015, Petitioner filed a first amended petition. On September 16, 2015, this
21 Court issued its order requiring a response. Real Party files this motion to dismiss
22 in response to this Court's September 16, 2015, order.
23 ///
24 ///
25 ///
26 ///
27 ///
28

# ARGUMENT

### THE PETITION MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION BECAUSE PETITIONER FAILED TO NAME AS RESPONDENT ANY STATE OFFICER HAVING PRESENT CUSTODY OF PETITIONER.

The petition must be dismissed for lack of jurisdiction because petitioner failed to name a proper respondent. "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), cited with approval in *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

Thus, "[i]t is well-established in our Circuit that a petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name 'the state officer having custody of him or her as the respondent to the petition.'" *Smith v. State of Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citations omitted) ("district court lacked personal jurisdiction over Smith's habeas petition[,]" which "named the State of Idaho – and not the state official having custody of him – as the respondent" (*id.* at 355)); *see also* Rule 2(a), foll. 28 U.S.C. § 2254. "Failure to name the petitioner's custodian as a respondent deprives the federal courts of personal jurisdiction. [Citations.]" *Stanley v. California Supreme Court, et al.*, 21 F.3d 359, 360 (9th Cir. 1994) (*Stanley*).

Here, Petitioner has named the Los Angeles County Superior Court as Respondent. (Pet. at 1.) Petitioner has not identified or named as Respondent the actual person who is the state officer with physical or constructive custody of her. This pleading defect deprives this Court of personal jurisdiction over any officer of the State of California and requires dismissal of the petition. *Stanley*, 21 F.3d at 360 (dismissing petition for lack of jurisdiction where petitioner named the California Supreme Court as respondent); *Morehead v. State of California*, 339 F.2d 170, 171 (9th Cir. 1964) (affirming dismissal of petition "for want of

indispensable party" where petitioner named only the State of California as respondent), cited with approval in *Allen v. Oregon*, 153 F.3d 1046, 1050 (9th Cir. 1998).

## CONCLUSION

Based on the foregoing arguments and authorities, Real Party in Interest respectfully requests that the Motion to Dismiss be granted and the Petition for Writ of Habeas Corpus be dismissed.

Dated: November 17, 2015.  Respectfully submitted,

MICHAEL N. FEUER, LOS ANGELES CITY ATTORNEY
DEBBIE LEW, Assistant City Attorney
RICK V. CURCIO, Deputy City Attorney


*/s/ Rick V. Curcio*
RICK V. CURCIO
Deputy City Attorney
*Attorneys for Real Party in Interest*

**PROOF OF SERVICE BY MAIL**

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**

**COLLEEN FLYNN V. SUPERIOR COURT OF LOS ANGELES COUNTY PEOPLE OF THE STATE OF CALIFORNIA**

United States District Court Case No.: CV 15-06027-JAK (DFM)

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the above-referenced action. My business address is 200 North Main Street, James K. Hahn City Hall East, 5th Floor, Los Angeles, California 90012.

I am readily familiar with the practice of the Los Angeles City Attorney's Office, City Hall East, for collection and processing correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

On **November 17, 2015,** I served the following document

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy in a sealed envelope(s) for collection and mailing, following ordinary business practice, at 200 North Main Street, James K. Hahn City Hall East, 5th Floor, Los Angeles, California 90012. The person(s) served, as shown on the envelope(s), are:

**Jorge Gonzalez**
**Attorney at Law**
**2485 Huntington Drive, Suite 238**
**San Marino, CA  91108**

**Office of the Attorney General**
**State of California**
**300 South Spring Street**
**5th Floor-North Tower**
**Los Angeles, CA  90013**

**Honorable Valerie Salkin**
**Judge of the Superior Court**
**San Fernando Courthouse**
**Department C**
**900 Third Street**
**San Fernando, CA  91340**

**Los Angeles Superior Court**
**Appellate Division**
**111 N. Hill Street, Room 607**
**Los Angeles, CA 90012**

    I declare under penalty of perjury that the foregoing is true and correct. Executed on **November 17, 2015**, at Los Angeles, California.

                                            **YOLANDA FLORES,** Secretary