**JORGE GONZALEZ**, CSB #100799
A PROFESSIONAL CORP.
2485 Huntington Dr., Ste. 238
San Marino, CA 91108
(213) 598-3278
Email: jggorgeous@aol.com

Attorney for Petitioner Colleen Flynn

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN FLYNN,<br><br>Petitioner,<br><br>SUPERIOR COURT OF THE COUNTY OF LOS ANGELES,<br><br>Respondent.<br>------------------------------------------------<br>PEOPLE FOR THE STATE OF CALIFORNIA,<br><br>Real Party In Interest. | Case No. CV15-06027 JAK (DFM)<br><br>**PETITIONER'S OPPOSITION TO MOTION TO DISMISS** |

## I.  THE PETITION ALLEGES A PROPER RESPONDENT.

The People argue that the petition should be dismissed because it does not allege a respondent who has custody over Petitioner. The People err. Petitioner is not and has never been in custody (except when she served her 10 day sentence in January 2014, or long before any of the acts for which she seeks habeas relief). Meanwhile, Respondent is the Los Angeles Superior Court, the entity that imposed the sentence and the conditions of probation; therefore, Petitioner was subject to control and restraint imposed by that court. *Stanley v. California Supreme Court*, 21 F.3d 359 (9th Cir. 2014) cited by the People, is inapplicable. There, the petition alleged as respondent a court that did *not* impose the capital sentence being challenged, whereas the petitioner was, as in most (though not all) habeas cases, in the immediate custody of a correctional facility.

## II.  ASSUMING THE COURT CONCLUDES THAT RESPONDENT SUPERIOR COURT IS NOT A PROPER RESPONDENT, PETITIONER CAN ALLEGE A PROPER RESPONDENT.

If Petitioner was not under the control and restraint of the Respondent superior court, she was under the control and restraint of Jerry Powers, the Chief Probation Officer for the County of Los Angeles -- the superior court sentenced Petitioner to 24 months probation. See Exhibit B to First Amended Petition @ page 12. Since Petitioner can allege Powers as the state officer having custodial control over Petitioner, Petitioner should be granted leave to so amend. *See McMonagle v. Meyer*, 802 F.3d 1093 (9th Cir. 2015) (*en banc*) (County chief probation officer named as respondent in habeas petition. Based on tolling, Ninth Circuit holds petition was timely filed). Lodged herewith this opposition is the proposed Second Amended Petition.

///

///

///

## III. THE COURT HAS JURISDICTION AND THE PETITION IS NOT MOOT.

Should the People argue that the Court lacks jurisdiction and/or the Petition is moot because Petitioner's 24 month probation ended October 29, 2015, the argument is without merit. The Court has jurisdiction because the original Petition (filed August 10, 2015) and the First Amended Petition (filed September 10, 2015) were filed while Petitioner was on probation. *Carafas v. LaVallee*, 391 U.S. 234 (1968) (Petitioner's custody status is determined as of the date of filing the initial petition). Furthermore, beginning in 2013, the California state bar commenced disciplinary proceedings against Petitioner based on her 2013 conviction, a bar proceeding that is still pending. Since Petitioner is facing collateral consequences as a result of the misdemeanor conviction, this Petition is not moot. *Spencer v. Kemna*, 523 U.S. 1, 8-9 (1998).

DATED: December 29, 2015

**LAW OFFICE OF JORGE GONZALEZ, P.C.**
Attorney for Petitioner

s/ Jorge Gonzalez

By_____
Jorge Gonzalez