UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-06027-JAK (DFM) | Date | January 28, 2016 |
|---|---|---|---|
| Title | Colleen Flynn v. Superior Ct. of Los Angeles County | | |

Present: The Honorable  Douglas F. McCormick

| Terri Steele | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:** (In Chambers) Order re: Real Party in Interest's Motion to Dismiss (Dkt. 16)

  Through counsel, Petitioner filed a verified First Amended Petition for Writ of Habeas Corpus naming the Superior Court of the County of Los Angeles as the respondent. Dkt. 6 ("FAP"). On September 24, 2015, this Court ordered the Los Angeles City Attorney, on behalf of the real party in interest, to file either a Motion to Dismiss or an Answer in response to the First Amended Petition. Dkt. 11. On November 1, 2015, the real party in interest moved to dismiss, arguing that this Court lacks personal jurisdiction. Dkt. 16.

  A petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name "the [individual] state officer having custody of him or her as the respondent to the petition." Smith v. Idaho, 392 F.3d 350, 354 (9th Cir. 2004) (quoting Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction over that custodian. Id.

  Here, Petitioner has named the Superior Court of the County of Los Angeles as the respondent, rather than the individual state officer having custody over her. See FAP at 1. This Court therefore does not have personal jurisdiction over the custodian. Smith, 392 F.3d at 354.

  Petitioner argues in her Opposition that Stanley is inapposite because the petitioner in Stanley was in prison, while Petitioner "is not and has never been in custody (except when she served her 10 day sentence in January 2014 . . .)." Dkt. 18 at 2. Yet Petitioner also argues that this Court has jurisdiction because Petitioner was "in custody" (i.e., on probation) at the time that she filed her federal court habeas petition in 2015. Id. at 3. In any event, given that the Ninth Circuit has held that the district court's jurisdiction over a habeas petition is measured at the time of filing (see United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988)), and given that Petitioner was still on probation when she filed her federal habeas petition in 2015 (see Dkt. 1; Dkt. 17-2 at 235), Petitioner is no less subject to the rules on naming custodians as respondents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-06027-JAK (DFM) | Date | January 28, 2016 |
|---|---|---|---|
| Title | Colleen Flynn v. Superior Ct. of Los Angeles County | | |

     The Motion to Dismiss is therefore GRANTED. The First Amended Petition is hereby DISMISSED with leave to amend. If Petitioner still desires to pursue this action, she is ORDERED to file a Second Amended Petition rectifying the deficiency discussed above within fourteen (14) days of the service of this Order. Petitioner apparently intends to file a Second Amended Petition naming both the Superior Court of the County of Los Angeles and the Los Angeles County Chief Probation Officer as respondents. See Dkt. 18-1 at 1 (proposed Second Amended Petition). This Court reminds Petitioner that the Superior Court of the County of Los Angeles is not a proper respondent.

     Petitioner is cautioned that her failure to timely file a Second Amended Petition within the deadline set by this Order may result in a recommendation that this action be dismissed without prejudice for failure to prosecute.

|  | : |
|---|---|
| Initials of Clerk | ts |