JORGE GONZALEZ, CSB #100799
_____
NAME

Attorney at Law (Attorney for Petitioner)
_____
PRISON IDENTIFICATION/BOOKING NO.

2485 Huntington Dr., Ste. 238 / ph # (213) 598-3278
_____
ADDRESS OR PLACE OF CONFINEMENT

San Marino, CA 91108 / email: jggorgeous@aol.com
_____
Note:     It is your responsibility to notify the Clerk of Court in writing of any
          change of address. If represented by an attorney, provide his name,
          address, telephone and facsimile numbers, and e-mail address.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

COLLEEN FLYNN,

_____
FULL NAME (*Include name under which you were convicted* )

                                        Petitioner,

                    v.

LOS ANGELES COUNTY CHIEF PROBATION
OFFICER JERRY POWERS,

_____
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

                                        Respondent.

CASE NUMBER:

CV    15-06027 JAK (DFMx)
      _____
      To be supplied by the Clerk of the United States District Court

☑ THIRD _____ **AMENDED**

### PETITION FOR WRIT OF HABEAS CORPUS
### BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION  Los Angeles
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number* )
CV    _____
CV    _____

### INSTRUCTIONS - PLEASE READ CAREFULLY

1.    To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.    In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3.    Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.    Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.    You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.    You must pay a fee of $5.00.  If the fee is paid, your petition will be filed.  If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.    When you have completed the form, send the original and two copies to the following address:

          Clerk of the United States District Court for the Central District of California
          United States Courthouse
          ATTN: Intake/Docket Section
          312 North Spring Street
          Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☑ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue

   a. Place of detention LOS ANGELES COUNTY

   b. Place of conviction and sentence LOS ANGELES COUNTY

2. Conviction on which the petition is based *(a separate petition must be filed for each conviction being attacked).*

   a. Nature of offenses involved *(include all counts)* : Cal. Penal Code § 148 (resistance / inference with a police officer in the lawful performance of his duties). Single count.

   b. Penal or other code section or sections: Cal. Penal Code §148.

   c. Case number: L.A. Superior Court No. 3MP04099

   d. Date of conviction: September 20, 2013

   e. Date of sentence: October 29, 2013

   f. Length of sentence on each count: 24 months probation

   g. Plea *(check one)*

      ☑ Not guilty

      ☐ Guilty

      ☐ Nolo contendere

   h. Kind of trial *(check one)*:

      ☑ Jury

      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?     ☑ Yes  ☐ No

   If so, give the following information for your appeal *(and attach a copy of the Court of Appeal decision if available)*:

   a. Case number: Los Angeles Superior Court, Appellate Division, Case #BR051250

   b. Grounds raised *(list each)*:

      (1) No grounds were considered in #BR051250 b/c appeal was dismissed before opening brief was filed. However, had

      (2) appeal not been dismissed, Petitioner would have contended (1) insufficient evidence to sustain the §148 conviction;

(3) trial court committed prejudicial error (2) by refusing to instruct on Petitioner's free speech rights;

(4) (3) by refusing to instruct that delay or obstruction caused by non-violent & non-threatening verbal

(5) conduct is not a §148 violation; (4) by refusing to instruct that arresting Petitioner in retaliation for

(6) her persistent in questioning the officers, violates equal protection guarantees.

c. Date of decision: August 20, 2014

d. Result  Superior Court, Appellate Division, dismissed the appeal for failure to timely file an opening brief.

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?  ☐ Yes  ☑ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)* :

a. Case number:

b. Grounds raised *(list each)* :

(1)

(2)

(3)

(4)

(5)

(6)

c. Date of decision:

d. Result

5. If you did not appeal:

a. State your reasons  California law does not permit a defendant in a criminal case to appeal an adverse decision by the Appellate Division of the Superior Court dismissing the case for failure to prosecute. Only available remedy is by way of habeas relief, which Petitioner pursued as described below.

b. Did you seek permission to file a late appeal?  ☐ Yes  ☑ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?
☑ Yes  ☐ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: L.A. Superior Court

(2) Case number: 3MP04099

(3) Date filed  *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*:  March 25, 2015

(4) Grounds raised *(list each)* :

    (a)   Petitioner's appellate counsel in L.A.S.C. Appellate Division #BR051250, denied Petitioner

    (b)   effective assistance of counsel by failure to timely file Petitioner's opening brief, resulting in the

    (c)   appeal's dismissal for failure to prosecute. Then-appellate counsel's failure to prosecute the appeal

    (d)   violated Petitioner's rights under the Fifth, Sixth and Fourteenth Amendments to the United

    (e)   States Constitution. See Exhibit K, true copy of Petition filed in the superior court.

    (f)

(5) Date of decision: April 3, 2015

(6) Result   Superior court ruled that it did not have jurisdiction to hear the petition, that relief would have

to come from a higher court. See Exhibit G hereto.

(7) Was an evidentiary hearing held?    ☐ Yes   ☑ No


b.   (1) Name of court: California Court of Appeal, Second Appellate District

    (2) Case number: B263284

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)* : April 13, 2015

    (4) Grounds raised *(list each)*:

        (a)   Same grounds as stated above with respect to the habeas petition filed in the superior court.

        (b)   See Exhibit L, true copy of Petition filed in the court of appeal.

        (c)

        (d)

        (e)

        (f)

(5) Date of decision: April 23, 2015

(6) Result   Petitioner had "not stated facts or provided evidence sufficient to demonstrate entitlement to

relief." See court of appeal order filed April 23, 2015 (Exhibit H hereto).

(7) Was an evidentiary hearing held?    ☐ Yes   ☑ No


c.   (1) Name of court: California Supreme Court

    (2) Case number: S226281

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: May 7, 2015

    (4) Grounds raised *(list each)*:

        (a)   Same grounds as stated above with respect to the habeas petition filed in the superior court. See

        (b)   Exhibit I hereto, a true copy of the habeas petition filed in the California Supreme Court.

        (c)

        (d)

        (e)

        (f)

(5) Date of decision: July 15, 2015

(6) Result   No reason given.

(7) Was an evidentiary hearing held?   ☐Yes ☑No

7.   Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

8.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION**:   *Exhaustion Requirement*:  In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court.  This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

a.   Ground one: Petitioner's appellate counsel in #BR051250 (Appellate Division, Superior Court) failed to prosecute Petitioner's appeal, thereby resulting in its dismissal.

(1) Supporting FACTS: See attached memorandum, Exhibit K.

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐Yes   ☐No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☑Yes   ☐No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☑Yes   ☐No

b.   Ground two:

(1) Supporting FACTS:

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☐ No

c.  Ground three: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☐ No

d.  Ground four: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☐ No

e.  Ground five: _____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

9. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
☐ Yes ☑ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.  (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

_____

    (7) Was an evidentiary hearing held? ☐ Yes ☐ No

b.  (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?      ☐ Yes  ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to

this judgment of conviction?      ☐ Yes  ☑ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

12. Are you presently represented by counsel?      ☑ Yes  ☐ No

If so, provide name, address and telephone number: Jorge Gonzalez, CSB #100799, A Professional Corp.,

2485 Huntington Dr., Ste. 238, San Marino, CA 91108 / (213) 598-3278 / email: jggorgeous@aol.com

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

s/ Jorge Gonzalez
_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2016

_____                _____
*Date*                                                        *Signature of Petitioner*

THE PEOPLE OF THE STATE OF CALIFORNIA,

OR 05/08/2013            Bkg no. 3530244

Plaintiff,

vs.

COLLEEN FLYNN            01/01/1980  F

P148A1

Defendant(s).

MISDEMEANOR COMPLAINT

Case number: 3MP04099

FILED  MAY 0 1 2013
JOHN A. CLARKE
Executive Officer/Clerk

By_____
Deputy Clerk

Issued by
CARMEN A. TRUTANICH
City Attorney

By_____
WONKOO CHANG            (SC)
Deputy City Attorney

Comes now the undersigned and states that he is informed and believes, and upon such information and belief declares: That on or about 04/17/2013 at and in the City of Los Angeles, in the County of Los Angeles, State of California, a misdemeanor, to wit, violation of Subdivision (a)(1) of Section 148 of the California Penal Code was committed by the above-named defendant(s) (whose true name(s) to affiant is(are) unknown), who at the time and place last aforesaid, did willfully and unlawfully ~~resist~~, delay and obstruct a ~~Police Officer~~, peace officer ~~and an emergency medical technician, as defined in Division 2.5~~ (commencing with Section 1797 of the California Health and Safety Code), to wit, OFFICER SAELOR, in the discharge and the attempt to discharge a duty of his or her office.

MCI 148(A)(1)/2]

All of which is contrary to the law and against the peace and dignity of the People of the State of California.  Declarant and complainant therefore prays that a warrant may be issued for the arrest of said defendant(s) and that he may be dealt with according to law.

Attached hereto and incorporated by reference as though fully set forth are written statements and reports, consisting of  pages, which constitute the basis upon which I make the within allegations.

A declaration in Support of the Issuance of Such Warrant is Submitted.

executed at Los Angeles, California, on 04/30/2013.

000001

**Complaint**                          -9-                          **EXHIBIT A**

I declare under penalty of perjury that the foregoing is true and correct.

#19080
Declarant and Complainant

INFORMAL DISCOVERY NOTICE

TO THE ABOVE-NAMED DEFENDANT(S) AND/OR ATTORNEY(S) FOR DEFENDANT(S):

Plaintiff, the People of the State of California, hereby requests discovery/disclosure from the defendant(s) and his or her attorney(s) in this case pursuant to Penal Code Sections 1054.3 and 1054.5.

YOU ARE HEREBY NOTIFIED that if complete disclosure is not made within 15 days of this request, plaintiff will seek -- on or before the next court date, or as soon as practicable thereafter -- a court order enforcing the provisions of Penal Code Section 1054.1, subdivisions (b) and (c).  This is an ongoing request for any of the listed items which become known to the defendant(s) and his or her attorney(s) after the date of compliance.

The written statements and reports attached hereto constitute discoverable materials designated in Penal Code Section 1054.1.  Any additional material discoverable pursuant to Penal Code Section 1054.1 that becomes known to plaintiff will be provided to the defense.

If, prior to or during trial, as a result of this request plaintiff obtains additional evidence or material subject to disclosure under a previous defense request or court order pursuant to Penal Code Section 1054.1, plaintiff will disclose the existence of that evidence or material within a reasonable time.

DISCOVERY MATERIALS SHOULD BE DELIVERED TO A DEPUTY CITY ATTORNEY IN MASTER CALENDAR COURT ON THE FIRST TRIAL DATE.

000002

**Complaint**                                                      **EXHIBIT A**

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 03/26/14

------------------------------------------------------------------------
CASE NO. 3MP04099

THE PEOPLE OF THE STATE OF CALIFORNIA
                    VS.
DEFENDANT 01:  COLLEEN MARIE FLYNN

------------------------------------------------------------------------


BAIL:  APPEARANCE    AMOUNT     DATE     RECEIPT OR   SURETY COMPANY    REGISTER
         DATE       OF BAIL    POSTED     BOND NO.                       NUMBER

CASE FILED ON 05/01/13.

COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING COMMITTED,
 ON OR ABOUT 04/17/13 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING OFFENSE(S)
OF:

COUNT 01: 148(A)(1) PC MISD


ON 10/29/13 AT  830 AM  IN METROPOLITAN COURTHOUSE DEPT 065

CASE CALLED FOR SENTENCING

PARTIES: VALERIE SALKIN (JUDGE) NORA ROMERO   (CLERK)
         ANGELA MAPP  (REP)    BENJAMIN KARABIAN  (CA)

DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOSEPH L. MELLIS PRIVATE
COUNSEL

DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
JUDGMENT:

AS TO COUNT  (01):

IMPOSITION OF SENTENCE SUSPENDED

DEFENDANT PLACED ON SUMMARY PROBATION

FOR A PERIOD OF 024 MONTHS UNDER THE FOLLOWING TERMS AND CONDITIONS:

SERVE 001 DAYS IN LOS ANGELES COUNTY JAIL

LESS CREDIT FOR 1 DAYS

PAY A FINE OF $300.00

                                    SENTENCING
                    PAGE NO.   1     HEARING DATE: 10/29/13        000236

**10/29/13 Minutes**                                              **EXHIBIT B**

CASE NO. 3MP04099
DEF NO.  01

DATE PRINTED 03/26/14

PLUS A STATE PENALTY FUND ASSESSMENT OF $870.00

PLUS $60.00 CRIMINAL FINE SURCHARGE (PURSUANT TO 1465.7 P.C.)

$40.00 COURT OPERATIONS ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)

$30.00 CRIMINAL CONVICTION ASSESSMENT (PURSUANT TO 70373 G.C.)

$4.00 EMERGENCY MEDICAL AIR TRANSPORTATION ACT FUND PER 76000.10(C)(1) GC

$10.00 CITATION PROCESSING FEE (PURSUANT TO 1463.07 P.C.)

$30.00 INSTALLMENT & ACCOUNTS RECEIVABLE FEE (PURSUANT TO 1205(D)PC)

OR SERVE 10 DAYS IN LOS ANGELES COUNTY JAIL

DEFENDANT TO PAY FINE TO THE COURT CLERK

IN LIEU OF BOTH JAIL AND FINE, DEFENDANT MAY:

PERFORM 10 DAYS OF COMMUNITY LABOR

DEFENDANT SHALL PAY A RESTITUTION FINE IN THE AMOUNT OF $140.00 TO THE COURT

TOTAL DUE: $1,484.00

IN ADDITION:

-OBEY ALL LAWS AND ORDERS OF THE COURT.

-DEFENDANT ACKNOWLEDGES THAT HE/SHE UNDERSTANDS AND ACCEPTS EACH
TERM AND CONDITION OF  PROBATION.

-THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.


THE COURT ORDERS THE DEFENDANT TO COMPLETE A RIDE-ALONG DURING
THE EVENING HOURS WITH A LOS ANGELES SHERIFF'S DEPARTMENT.
.
THE DEFENDANT IS ORDERED WRITE AN APOLOGY TO DEPUTY SAELOR AND
TO DEPUTY AVILA.
.
THE DEFENDANT IS ORDERED TO PROVIDE PROOF OF COMPLETION OF THE
RIDE-ALONG AND PROOF OF THE LETTERS OF APOLOGY ON JANUARY
JANUARY 15, 2014 AT 8:30 A.M. IN DEPARTMENT 65.
.
THE DEFENDANT IS ORDERED TO PAY THE FINE AND COURT FEES IN THE
AMOUNT OF $1,484.00 ON OR BEFORE JANUARY 15, 2014 IN THE CLERK'S
OFFICE AND PROVIDE PROOF OF PAYMENT ON THE NEXT COURT DATE.

COUNT (01): DISPOSITION: FOUND GUILTY - CONVICTED BY JURY

DMV ABSTRACT NOT REQUIRED

NEXT SCHEDULED EVENT:

000237

PAGE NO.   2      SENTENCING
                 HEARING DATE: 10/29/13

**10/29/13 Minutes**                                    **EXHIBIT B**

CASE NO. 3MP04099
DEF NO. 01                                        DATE PRINTED 03/26/14

01/15/14    830 AM   PROOF OF MISCELLANEOUS ITEM   DIST METROPOLITAN COURTHOUSE
DEPT O65

CUSTODY STATUS: ON PROBATION

000238

PAGE NO.   3        SENTENCING
                    HEARING DATE: 10/29/13

**10/29/13 Minutes**                                    **EXHIBIT B**

# CR-132

### Notice of Appeal
### (Misdemeanor)

Clerk stamps date here when form is filed.

**FILED**
Superior Court of California
County of Los Angeles

NOV 07 2013

Sherri R. Carter, Executive Officer/Clerk
By *Nora Romero* Deputy
Nora Romero

## Instructions

- This form is only for appealing in a **misdemeanor case.** You can get other forms for appealing in a civil or infraction case at any courthouse or county law library or online at *www.courtinfo.ca.gov/forms.*

- Before you fill out this form, read *Information on Appeal Procedures for Misdemeanors* (form CR-131-INFO) to know your rights and responsibilities. You can get form CR-131-INFO at any courthouse or county law library or online at *www.courtinfo.ca.gov/forms.*

- You must file this form **no later than 30 days after the trial court issued the judgment or order you are appealing** (see rule 8.853(b) of the California Rules of Court for very limited exceptions). **If your notice of appeal is late, the court will not take your appeal.**

- Fill out this form and make a copy of the completed form for your records.

- Take or mail the completed form to the clerk's office for the same trial court that issued the judgment or order you are appealing. It is a good idea to take or mail an extra copy to the clerk and ask the clerk to stamp it to show that the original has been filed.

You fill in the name and street address of the court that issued the judgment or order you are appealing:

Superior Court of California, County of
**Metropolitan Branch Court**
**1945 South Hill Street**
**Los Angeles, CA 90007**

You fill in the number and name of the trial court case in which you are appealing the judgment or order:

**Trial Court Case Number:**
3MP04099

**Trial Court Case Name:**
*The People of the State of California*
v. Colleen Flynn

The clerk will fill in the number below:

**Appellate Division Case Number:**

## (1) Your Information

a. Appellant (the party who is filing this appeal):

Name: Colleen Flynn

Street address: 3435 Wilshire Blvd., Suite 2910    Los Angeles    CA    90010
*Street*    *City*    *State*    *Zip*

Mailing address *(if different):*
*Street*    *City*    *State*    *Zip*

Phone: ( 213 ) 252-9444    E-mail *(optional):*

b. Appellant's lawyer *(skip this if the appellant is filling out this form):*

The lawyer filling out this form *(check (1) or (2)):*

(1) ☑ was the appellant's lawyer in the trial court.    (2) ☐ is the appellant's lawyer for this appeal.

Name: Joe Mellis Esq.    State Bar number: 287830

Street address: 2645 Ivanhoe Dr.    Los Angeles    CA    90039
*Street*    *City*    *State*    *Zip*

Mailing address *(if different):*
*Street*    *City*    *State*    *Zip*

Phone: ( 310 ) 422-5003    E-mail *(optional):*

Fax *(optional):* ( 323 ) 395-0225    000239

Judicial Council of California, www.courtinfo.ca.gov
New January 1, 2009, Optional Form
Cal. Rules of Court, rules 8.852 and 8.853

**Notice of Appeal**
**(Misdemeanor)**

CR-132, Page 1 of 2
→

**Notice of Appeal**

**EXHIBIT C**

| | Trial Court Case Number: |
|---|---|
| | 3MP04099 |

Trial Court Case Name: Colleen Flynn

**(2) Judgment or Order You Are Appealing**

I am/My client is appealing *(check one):*

a. ☑ the final judgment of conviction in this case (Penal Code section 1466(2)(A)).
   The trial court issued (rendered) this judgment on *(fill in the date):* October 29, 2013

b. ☐ an order that denied a motion to suppress evidence in this case (Penal Code section 1538.5(j)).
   The trial court issued this order on *(fill in the date):*_____

c. ☐ an order made after judgment in this case that affects an important right of mine/my client (for example, an order after a probation violation) (Penal Code section 1466(2)(B)).
   The trial court issued this order on *(fill in the date):*_____

d. ☐ other action *(describe the action you are appealing and give the date the trial court took the action):*
   _____
   _____
   _____
   _____

**(3) Record of the Oral Proceedings**

*(See form CR-131-INFO for information about the record of the oral proceedings.)*

*(Check a or b):*

a. ☑ I have attached a completed *Notice Regarding Record of Oral Proceedings (Misdemeanor)* (form CR-134).

b. ☐ I have **not** attached a *Notice Regarding Record of Oral Proceedings (Misdemeanor)* (form CR-134). I understand that I must file this notice in the trial court within either: (1) 20 days after I file this notice of appeal; or, if it is later, (2)10 days after the court decides whether to appoint a lawyer for me (if I file a request for a court-appointed lawyer within 20 days after I file my notice of appeal). I also understand that if I do not file the notice on time, the court will not be able to consider what was said in the trial court in deciding whether an error was made in the trial court proceedings.

**(4) Court-Appointed Lawyer**

a. I/My client ☐ was   ☑ was not   represented by the public defender or another court-appointed lawyer in the trial court.

b. I am/My client is *(check (1) or (2)):*

   (1) ☐ asking the court to appoint a lawyer to represent me/my client in this appeal. I have completed *Request for Court-Appointed Lawyer in Misdemeanor Appeal* (form CR-133), and attached it to this notice of appeal.

   (2) ☑ **not** asking the court to appoint a lawyer to represent me/my client in this appeal.

**REMINDER—Except in the very limited circumstances listed in rule 8.853(b), you must file this form no later than 30 days after the trial court issued the judgment or order you are appealing in your case.  If your notice of appeal is late, the court will not take your appeal.**

Date: November 7, 2013

Colleen Flynn                                    000240
_____                          _____
*Type or print your name*                        *Signature of appellant or attorney*

**Notice of Appeal
(Misdemeanor)**

CR-132, Page 2 of 2

**Notice of Appeal**                             **EXHIBIT C**

# APPELLATE DIVISION OF THE SUPERIOR COURT
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse – 111 N. Hill St. Rm 607, Los Angeles, CA 90012

PLAINTIFF/RESPONDENT:
### PEOPLE OF THE STATE OF CALIFORNIA

DEFENDANT/APPELLANT:
### COLLEEN FLYNN

### ORDER DISMISSING APPEAL – FAILURE TO FILE OPENING BRIEF
(MISDEMEANOR OR INFRACTION – APPELLANT PRO PER OR REPRESENTED BY PRIVATE COUNSEL)

Reserved for Clerk's File Stamp
LOS ANGELES SUPERIOR COURT

AUG 2 0 2014

Sherri R. Carter, Executive Officer/Clerk
By: B Garcia, Deputy

CASE NUMBER:
3MP04099

APPELLATE DIVISION CASE NO:
BR 051250

☒ Misdemeanor Appeal          Metropolitan Trial Court

Appeal filed: November 7, 2013

Appellant Colleen Flynn failed to file an opening brief as required by the court's order of June 6, 2014, was given notice of the default, and thereafter failed to file a brief within the time period specified in California Rules of Court, rule 8.882(c)(2) for misdemeanor appeals or rule 8.927(b)(1) for infraction appeals.

NOW, ON THE COURT'S OWN MOTION, the appeal is dismissed. (Cal. Rules of Court, rule 8.882(c)(2), misdemeanor appeals; or rule 8.927(b)(1), infraction appeals.)

_____
P. McKay, P. J.

_____
Ricciardulli, J.

---

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order Dismissing Appeal – Failure to File Opening Brief (Misdemeanor or Infraction)** upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

Los Angeles City Attorney
Criminal Appellate Division
500 City Hall East
200 North Main Street
Los Angeles, CA 90012

Donald W. Cook, Esq.
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010

SHERRI R. CARTER, Executive Officer/Clerk

Dated: AUG 2 0 2014

BY: _____
Deputy Clerk,

App Div 01-09
Order 3
em

### ORDER DISMISSING APPEAL – FAILURE TO FILE OPENING BRIEF
(Misdemeanor or Infraction)

**8/20/14 Order**

**EXHIBIT D**

**FILED**
Superior Court of California
County of Los Angeles

**SEP 25 2014**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Addie Lovelace

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | No. BR 051250 |
| Plaintiff and Respondent, | Metropolitan Trial Court |
| v. | No. 3MP04099 |
| COLLEEN FLYNN, | |
| Defendant and Appellant. | **ORDER** |

No good cause appearing, appellant's motion to reinstate the appeal is denied.

_____
P. McKay, P. J.

_____
Ricciardulli, J.

**9/25/14 Order**

**EXHIBIT E**

mda

-17-

1   **DONALD W. COOK**, CSB #116666
    Attorney at Law
2   3435 Wilshire Blvd., Suite 2910
    Los Angeles, CA 90010
3   (213) 252-9444 / (213) 252-0091 facsimile
    Email: manncook@earthlink.net
4
  Attorney for Defendant Colleen Flynn
5

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 17 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy

6

7

8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9    **FOR THE COUNTY OF LOS ANGELES – APPELLATE DIVISION**

10

11   PEOPLE OF THE STATE OF
    CALIFORNIA

12                 Plaintiff,

13       v.

14

15   COLLEEN FLYNN,

16              Defendant.

Case No. BR ~~05120~~ 51250

**DEFENDANT'S MOTION FOR REINSTATEMENT OF APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL**

17

18     TO THE PRESIDING JUDGE OF THE APPELLATE DIVISION:

19       Pursuant to Cal. Civ. Proc. Code 473(b), Cal. Rules of Court, Rule 8.60(d) and Los Angeles

20   Superior Court Appellate Division Rules 9.10(c), defendant Colleen Flynn hereby applies for

21   reinstatement of her appeal and the filing of her Opening Brief lodged herewith.  Good cause /

22   excusable neglect exists as set forth in the attached declaration of counsel.

23   DATED: September 17, 2014

24

25                **DONALD W. COOK**
                Attorney for Defendant

26

27         By _____
                 Donald W. Cook

28

                          1

**Motion to Reinstate Appeal**                        **EXHIBIT F**

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Overview and Relief Requested.**

Appellant Colleen Flynn, convicted of a single count of violating Cal. Penal Code § 148 (resisting / interfering with police officer) timely filed her Notice of Appeal on November 12, 2013. Flynn's current counsel substituted in on April 2, 2014. Because Flynn's current counsel was not the trial attorney, it took time to become familiar with the record. Flynn's attorney requested two 30-day extensions, both of which were granted and the Opening Brief became due July 2, 2014.

Flynn's counsel was unable to file the Opening Brief by July 2 and thereafter received the Clerk's Notice of Default on Appeal re: Appellate Brief, which allowed until August 6 to file the brief. Flynn's counsel planned to file the brief by that time, but for the reasons set forth in the Declaration of Donald W. Cook, attached hereto, did not do so. Flynn's counsel thereafter received the Order Dismissing Appeal - Failure to File Opening Brief filed August 20, 2014.

Flynn herein asks that the appeal be reinstated and that the Opening Brief lodged herewith be filed.

**II.  The Court Has Jurisdiction to, and Should Reinstate the Appeal.**

Los Angeles Superior Court Appellate Department Rule 9.10(c) and California Rule of Court 8.60(d) give this Court the power to reinstate Ms. Flynn's appeal. CRC 8.60(d) states, "For good cause, a reviewing court may relieve a party from default for any failure to comply with these rules except the failure to file a timely notice of appeal or a timely statement of reasonable grounds in support of a certificate of probable cause." Relief is also available under C.C.P. § 473(b), see *In re Jacqueline H.*, 21 Cal.3d 170, 179 (1978); *Huens v Tatum*, 52 Cal.App.4th 259 (1997) (relief under § 473(b) mandatory); *Sanders v. Warden*, 106 Cal. App.2d 707, 708, 236 P.2d 19, 20 (1951).

The details of defendant's good cause and her attorney's fault are set forth in the Declaration of Donald W. Cook attached hereto. The Opening Brief has been completed and is lodged herewith. Flynn respectfully requests that the Court reinstate her appeal and allow it to go forward.

///

**III.  Conclusion.**

For reasons set forth in the Declaration of Donald W. Cook and the Court's power to do so, the Court should reinstate this appeal.

DATED: September 17, 2014

**DONALD W. COOK**
Attorney for Defendant

By_____  _Donald W Cook_  _____

Donald W. Cook

**DECLARATION OF DONALD W. COOK**

I, DONALD W. COOK, declare:

1. I substituted in as counsel for Ms. Flynn on April 2, 2014. I was not the trial attorney, but am the attorney representing Ms. Flynn on appeal and am responsible for drafting Defendant's Opening Brief.

2. Defendant did not post bail pending appeal, nor was her sentence stayed. She has served her period of incarceration and complied with the remaining terms of her sentence (except that defendant is still on probation).

3. Ms. Flynn timely filed her Notice of Appeal on November 12, 2013.

4. I requested two 30-day extensions, both of which were granted and the Opening Brief became due July 2, 2014. Because of unusually demanding commitments on other matters coupled with my failure to properly manage my time during this period in which I need to review the record and prepare Ms. Flynn's brief, I was unable to file the Opening Brief by July 2. Thereafter, my office received the Clerk's Notice of Default on Appeal re: Appellate brief, which allowed until August 6 to file the opening brief.

5. I planned to file the brief by that time, but as I got further and further into the record, the legal and factual issues became more and more complex. The complexity was exacerbated by the poor quality of the trial transcript, which was especially troublesome because I was not the trial attorney. I continued to work on the brief after August 6, getting it done as quickly as possible considering my other deadlines. Then I received the Order Dismissing Appeal - Failure to File Opening Brief filed August 20, 2014.

6. I understand that it is my responsibility to allocate sufficient time to accommodate my obligations to all my clients. I neglected to so with regard to Ms. Flynn's appeal. Although this is not justification for my failure to either complete Ms. Flynn's Opening Brief timely or to seek a further extension (which I should have), the past eight weeks have been especially demanding on my time:

A. For the last several months I have been responsible for appellate and trial court

**Motion to Reinstate Appeal**                        4                        **EXHIBIT F**

briefing in the following matters in which I represent the plaintiffs: petition for certiorari seeking United States Supreme Court review of my client's claims in *Rivera v. County of Los Angeles*, 745 F.3d 384 (9th Cir. 2014) (certiorari petition due October 1, 2014); my client's Answering Brief in *Garcia v. County of Riverside*, 9th Cir. No. 13-56857 (brief filed 9/3/14); two separate motions for class certification of damages claims in two complex litigation lawsuits *Castillo et al. v. Maywood et al.* (L.A.S.C. No. 469942), and *Lopez v. California Highway Patrol* (L.A.S.C. No. BC 373243) (both motions filed 9/5/14); motion for class certification filed 9/1/14 in *Sandoval et al. v. County of Sonoma et al.* (U.S.D.C. 3:11-cv-5817 THE [Northern District of California]); two separate motions for partial summary judgment filed in the aforementioned *Sandoval* case (both filed 9/8/14); appellate and trial court briefing following the May 19, 2014 decision in *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014) (plaintiffs' motion for clarification filed 5/20/14 in Ninth Circuit; plaintiffs' motion for attorneys' fees filed 7/7/14 in Ninth Circuit; plaintiffs' moving and reply papers on plaintiffs' motion to lift stay (filed 7/21/14 & 8/19/14 in U.S.D.C. No. CV09-1592); Plaintiffs' renewed motion for attorneys fees filed 8/15/14 in *Camarillo v. City of Maywood et al.*, U.S.D.C. NO. 07-3469 ODW, with plaintiffs' reply papers filed 8/29/14 and 9/2/14.

B. The *Camarillo* fee motion was particularly time consuming given the federal court's order requiring that the motion be filed by August 25 coupled with the motion's complexity. The motion was filed in eight consolidated lawsuits involving five law firms representing the 17 prevailing plaintiffs, and was brought following remand by the Ninth Circuit (*Gonzalez et al., v. City of Maywood et al.*, 729 F.3d 1196 (9th Cir. 2013)).

C. In all of the above matters I was the attorney principally responsible for drafting most (and in some instances all) of the briefing.

D. Additionally, beginning July 3, 2014 and through July 15, 2014, I was engaged in a jury trial in the Riverside Superior Court representing the plaintiff, *Pulido v. Adlerhorst*, RIC 396282. Much of my time in June was spent preparing for this trial.

7.  The *People v. Flynn* Opening brief is complete and is being lodged herewith. The appeal arises from the conviction of Appellant/Defendant Colleen Flynn, an attorney, of violating Penal Code § 148 (resisting/delaying an officer). In the underlying incident there was no violence or physical contact or threatened physical contact; rather, the charge was based on Ms. Flynn's verbal and non-verbal interactions with a CHP officer as he was conducting a vehicle impound. Given the absence of any actual or threatened physical contact, the trial court recognized the § 148 charge here raised significant First Amendment issues. While the trial court resolved the issues adverse to Ms. Flynn, the issues nevertheless deserve appellate review given the importance of free speech values and how those values constraint or limit the application of § 148. *See e.g., People v. Quiroga*, 16 Cal.App.4th 961, 966 (1993) and that court's observation a § 148 charge "must be applied with great caution to speech."

8.  Therefore, pursuant to C.C.P. 473(b), Cal. Rules of Court, Rule 8.60(d) and Los Angeles Superior Court Appellate Division Rules 9.10(c), I ask that the Court re-instate the appeal and accept Ms. Flynn's Opening Brief lodged herewith.

I declare under penalty of perjury that the foregoing is true and correct and was executed September 17, 2014, at Los Angeles, California.

_____
Donald W. Cook

DEFENDANT'S MOTION FOR REINSTATEMENT OF APPEAL ETC.              00098257.WPD
**-23-**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3435 Wilshire Boulevard, Suite 2910, Los Angeles, California 90010.

On September 17, 2014, I served the foregoing DEFENDANT'S MOTION FOR REINSTATEMENT OF APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Los Angeles City Attorney Appellate Department
200 N. Main Street
Los Angeles, CA 90012

Colleen Flynn (defendant)

☒    **BY MAIL** -- As follows:     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐    **BY PERSONAL DELIVERY** -- ( ) I delivered such envelope by hand, or ( ) I caused such envelope to be delivered by hand, via messenger service, to the offices of the addressee with delivery time prior to 5:00 p.m. on the date specified above.

☐    **BY FEDERAL EXPRESS/UPS** -- I caused such envelope to be delivered by air courier, with next day service.

☐    **BY E-MAIL** -- On *, at *, California, I served the above referenced document by electronic mail to the e-mail address of the Addressee(s) pursuant to Rule 2.260 of the California Rules of Court. The transmission was completed and without error and I did not receive, within reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 17, 2014, at Los Angeles, California.

_____
Donald W. Cook

7

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 04/03/15

------------------------------------------------------------------------

CASE NO. 3MP04099

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.
DEFENDANT 01:  COLLEEN MARIE FLYNN

------------------------------------------------------------------------


BAIL: APPEARANCE   AMOUNT     DATE     RECEIPT OR   SURETY COMPANY    REGISTER
          DATE       OF BAIL    POSTED    BOND NO.                      NUMBER

CASE FILED ON 05/01/13.

COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING COMMITTED,
ON OR ABOUT 04/17/13 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING OFFENSE(S)
OF:

COUNT 01: 148(A)(1) PC MISD


ON 04/01/15 AT  130 PM  IN CRIM JUSTICE CTR (LAC) DEPT 56W

CASE CALLED FOR JUDICIAL ACTION

PARTIES: WILLIAM C. RYAN (JUDGE)  MONIQUE SEALS  (CLERK)
          NONE      (REP)  NONE  (DDA)

DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

************ NO LEGAL FILE**************

.
              MEMORANDUM OF DECISION
                (HABEAS CORPUS)

.
              IN CHAMBERS

.
PETITION FOR WRIT OF HABEAS CORPUS FILED BY COLLEEN FLYNN
("PETITIONER"), REPRESENTED BY JORGE GONZALEZ, ESQ.  NO
APPEARANCE BY RESPONDENT, THE PEOPLE OF THE STATE OF CALIFORNIA,
REPRESENTED BY THE LOS ANGELES CITY ATTORNEY.  DISMISSED.

.
ON OCTOBER 29, 2013, PETITIONER WAS CONVICTED OF WILLFULLY
RESISTING, DELAYING OR OBSTRUCTING A PEACE OFFICER IN THE
DISCHARGE OR ATTEMPT TO DISCHARGE HIS OFFICIAL DUTIES IN


                                    JUDICIAL ACTION
              PAGE NO.   1         HEARING DATE: 04/01/15


**4/3/15 Minute Order**                           **EXHIBIT G**

CASE NO. 3MP04099
DEF NO.  01

DATE PRINTED 04/03/15

VIOLATION OF PENAL CODE SECTION 148, SUBDIVISION (A)(1) -- A
MISDEMEANOR.  PETITIONER WAS PLACED ON 24 MONTHS OF PROBATION
WITH VARIOUS TERMS AND CONDITIONS.  (SENTENCING MINUTE ORDER
DATED OCT. 29, 2013, IN PEOPLE V. FLYNN, CASE NO. 3MP04099.)  ON
NOVEMBER 7, 2013, PETITIONER'S COUNSEL, JOSEPH MELLIS, ESQ.,
FILED A NOTICE OF APPEAL FROM THE FINAL JUDGMENT OF CONVICTION.
ON AUGUST 20, 2014, THE APPELLATE DIVISION OF THE SUPERIOR COURT
OF CALIFORNIA, COUNTY OF LOS ANGELES, DISMISSED PETITIONER'S
APPEAL ON THE FOLLOWING GROUND: "[PETITIONER] FAILED TO FILE AN
OPENING BRIEF AS REQUIRED BY THE COURT'S ORDER OF JUNE 6, 2014,
WAS GIVEN NOTICE OF DEFAULT, AND THEREAFTER FAILED TO FILE A
BRIEF WITHIN THE TIME PERIOD SPECIFIED IN CALIFORNIA RULES OF
COURT, RULE 8.882(C)(2) FOR MISDEMEANOR APPEALS . . . ."  (ORDER

DISMISSING APPEAL DATED AUG. 20, 2014, IN PEOPLE V. FLYNN, CASE
NO. BR051250.)  ON SEPTEMBER 25, 2014, THE APPELLATE DIVISION
DENIED PETITIONER'S SEPTEMBER 17, 2014 MOTION TO REINSTATE HER
APPEAL.
.

    ON MARCH 25, 2015, PETITIONER, NOW REPRESENTED BY JORGE
GONZALEZ, ESQ., FILED THE INSTANT PETITION FOR WRIT OF HABEAS
CORPUS.  PETITIONER CONTENDS SHE WAS AFFORDED THE INEFFECTIVE
ASSISTANCE OF APPELLATE COUNSEL AND SEEKS A WRIT OF HABEAS
CORPUS DIRECTING THE APPELLATE DIVISION TO VACATE ITS
AUGUST 20, 2014 ORDER OF DISMISSAL.  AS DISCUSSED POST, THIS
COURT LACKS JURISDICTION TO GRANT THE RELIEF SOUGHT BY
PETITIONER.
.

THE APPELLATE DIVISION OF THE SUPERIOR COURT HAS APPELLATE
JURISDICTION OVER APPEALABLE ORDERS FROM MISDEMEANOR CASES.
(CAL. CONST., ART. VI, § 11, SUBD. (B); PEN. CODE, § 1466;
SUPER. CT. L.A. COUNTY, LOCAL RULES, RULE 9.1(B)(1); PEOPLE V.
NICKERSON (2005) 128 CAL.APP.4TH 33, 36.)  THE APPELLATE
DIVISION MAY DISMISS AN APPEAL IF THE APPELLANT FAILS TO FILE AN
OPENING BRIEF WITHIN THE MANDATORY TIMEFRAME.  (CAL. RULES OF

COURT, RULE 8.882(C)(2)(B).)
.

THIS COURT HAS ORIGINAL JURISDICTION IN HABEAS CORPUS
PROCEEDINGS (CAL. CONST., ART. VI, 10), BUT THE RELIEF SOUGHT BY
PETITIONER (AN ORDER VACATING THE APPELLATE DIVISION'S DISMISSAL
ORDER) CANNOT BE OBTAINED VIA HABEAS CORPUS.  IT IS WELL SETTLED
THE LABEL GIVEN A PETITION IS NOT DETERMINATIVE OF THE COURT'S
APPROACH; RATHER, THE COURT ANALYZES THE TRUE NATURE OF THE
PETITION BASED ON THE FACTS ALLEGED AND THE REMEDY SOUGHT IN THE
PLEADING.  (PEOPLE V. PICKLESIMER (2010) 48 CAL.4TH 330,
340-341; ESCAMILLA V. DEPT. OF CORRECTIONS & REHABILITATION
(2006) 141 CAL.APP.4TH 498, 511.)  THE TRUE NATURE OF THE RELIEF
SOUGHT BY PETITIONER -- AN ORDER DIRECTING THE APPELLATE
DIVISION TO VACATE ITS ORDER OF DISMISSAL -- SOUNDS IN MANDAMUS.
.

                              JUDICIAL ACTION
          PAGE NO.    2        HEARING DATE: 04/01/15

**4/3/15 Minute Order**                              **EXHIBIT G**

CASE NO. 3MP04099
DEF NO.  01

DATE PRINTED 04/03/15

A PETITION FOR WRIT OF MANDAMUS MAY BE ISSUED TO COMPEL AN
INFERIOR TRIBUNAL TO PERFORM AN ACT REQUIRED BY LAW.  (CODE CIV.
PROC., § 1085.)  AN "INFERIOR TRIBUNAL" INCLUDES AN INFERIOR
COURT.  (SEE COUNTY OF SAN DIEGO V. STATE (1983) 164 CAL.APP.4TH
580, 593, FN. 12.)  ACCORDING TO THE CALIFORNIA CONSTITUTION,
THE APPELLATE DIVISION IS A DIVISION OF THE SUPERIOR COURT, AND
IS THEREFORE NOT AN INFERIOR TRIBUNAL SUBJECTING IT TO MANDAMUS
BY THIS COURT.  (SEE CAL. CONST., ART. VI, § 4.)  IN FACT, THE
OPPOSITE IS TRUE.  THE APPELLATE DIVISION HAS JURISDICTION TO
ISSUE A WRIT OF MANDATE DIRECTING A SUPERIOR COURT JUDGE TO
PERFORM AN ACT REQUIRED BY LAW IN A MISDEMEANOR CASE, THEREBY
MAKING THE SUPERIOR COURT AN INFERIOR TRIBUNAL FOR THIS PURPOSE.
(CODE CIV. PROC., § 1085.)  THUS, THIS COURT LACKS JURISDICTION

TO ISSUE A WRIT OF MANDAMUS COMPELLING THE APPELLATE DIVISION TO
VACATE ITS ORDER DISMISSING PETITIONER'S APPEAL.  (SEE IBID.)
.
PETITIONER IS NOT WITHOUT A REMEDY.  A COURT OF APPEAL, IN ITS
DISCRETION, MAY REVIEW A DECISION BY THE APPELLATE DIVISION VIA
PETITION FOR AN EXTRAORDINARY WRIT.  (SEE CODE CIV. PROC., §
904.3; SEE ALSO PEOPLE V. RIVA (2003) 112 CAL.APP.4TH 981, 991.)
HOWEVER, THIS COURT DOES NOT POSSESS THE AUTHORITY TO DO SO VIA
HABEAS CORPUS OR MANDAMUS.  AS ARTICULATED BY THE SECOND
DISTRICT COURT OF APPEAL, "[F]OR ONE SUPERIOR COURT JUDGE, NO
MATTER HOW WELL INTENDED, EVEN IF CORRECT AS A MATTER OF LAW, TO
NULLIFY A DULY MADE, ERRONEOUS RULING OF ANOTHER SUPERIOR COURT
JUDGE PLACES THE SECOND JUDGE IN THE ROLE OF A ONE-JUDGE
APPELLATE COURT.  'THE SUPERIOR COURT OF LOS ANGELES COUNTY,
THOUGH COMPRISED OF A NUMBER OF JUDGES, IS A SINGLE COURT AND
ONE MEMBER OF THAT COURT CANNOT SIT IN REVIEW ON THE ACTIONS OF
ANOTHER MEMBER OF THAT SAME COURT.' [CITATION.]"  (IN RE
ALBERTO (2002) 102 CAL.APP.4TH 421, 427-428; ACCORD,PEOPLE V.
QUARTERMAN (2012) 202 CAL.APP.4TH 1280, 1293; PEOPLE V. RIVA
(2003) 112 CAL.APP.4TH 981, 991-993.)
.
*****DUE TO LIMITED SPACING THIS MINUTE ORDER IS CONTINUED
TO 2:00 P.M.******

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED


04/03/15


I HEREBY CERTIFY THIS TO BE A TRUE AND CORRECT COPY OF THE ELECTRONIC MINUTE
ORDER  ON FILE IN THIS OFFICE AS OF THE ABOVE DATE.

SHERRI R. CARTER ,EXECUTIVE OFFICER/CLERK OF SUPERIOR COURT, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA

PAGE NO.    3

JUDICIAL ACTION
HEARING DATE: 04/01/15

**4/3/15 Minute Order**                                    **EXHIBIT G**

CASE NO. 3MP04099
DEF NO.  01

DATE PRINTED 04/03/15

BY _____ , DEPUTY



JUDICIAL ACTION
HEARING DATE: 04/01/15

PAGE NO.   4

**4/3/15 Minute Order**

**EXHIBIT G**